American Bonding Company of Baltimore, Appellee, v. Sigmund Silberman et al., trading as S. Silberman & Sons, Appellants. .

Gen. No. 22,394.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Charles, N. Goodnow, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed with a finding of fact. Opinion filed October 10, 1917.

### Statement of the Case.

Action by the American Bonding Company of Baltimore, a corporation, plaintiff, against Sigmund Silberman, Hubert Silberman and David Silberman, trading as S. Silberman & Sons, defendants, to recover under a policy of burglary insurance, issued by plaintiff to defendants and a receipt given by defendants to plaintiff for payment of a loss thereunder, a share of the value of certain of the stolen property recovered by defendants. From a judgment for plaintiff for $1,000, defendants appeal, plaintiff assigning cross-error as to the amount of the judgment.

Defendants' stolen property was furs, valued at $21,722.61. Proof under the terms of the policy was made of the loss and $5,000, the amount of the policy, was paid by plaintiff, defendants giving their receipt. Furs of the value of $14,641.71 were recovered but were so damaged as to be worth but $10,083.26. Defendants expended in recovering the furs $2,810.86 and plaintiff $666.68.

The plaintiff agreed in the policy to indemnify defendants in the sum of $5,000 for direct loss by burglary of any of the merchandise described in the schedules attached, subject to certain specified conditions, one of which was:

"The Company may repair any damage to property or premises, and it may replace any damaged or stolen article of property with one of like quality and value, instead of paying for same in money. When so replaced, the damaged or stolen article shall belong to the Company, but the Assured shall be entitled to it upon payment to the Company of the cost of its replacement or the amount paid in money on account of its loss. If the Assured has returned to him or recovers any article or articles for the loss of which he has been indemnified, he shall report its recovery to the Company, and shall either repay to the Company the amount of loss paid thereon, or forward the article or articles to the Company at its Home Office at Baltimore, Md."

. Defendants' receipt, given upon payment of the $5,000, provided:

"And in consideration of the said payment we hereby invest the said Company with full rights of ownership in and title to all of the articles or property stolen and removed at the time of the said loss * * * in accordance with the provisions of the said policy; and in further consideration of the said payment we hereby also subrogate the said Company to all our claims or rights against any third person or persons to the amount of loss paid and expenses incurred in settlement thereof, and we affirm that we stand ready at any time to execute any and all papers necessary to secure to the said Company all claims or rights; and we also further affirm and guarantee that in event of the return, or recovery, of any of the said articles or property stolen and taken away we will cause them to be conveyed by express, or other equally safe means, to the Company, at its Home Office, in Baltimore, Maryland, except that we reserve the right to retain possession of any article returned or recovered, upon immediately refunding to the Company the full sum allowed for loss thereon. * * *"

KRAUS, HOLDEN & LAWLESS, for appellants.

American Bonding Co. of Baltimore v. Silberman, 207 Ill. App. 466.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FRED D. SILBER and JAMES D. WOLEY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE—*when agreement in receipt for burglary loss to reimburse insurer upon recovery of property is invalid for want of consideration.* Where a certain policy of burglary insurance issued by plaintiff to defendants contained certain provisions for delivery to plaintiff of any recovered property or the amount of the loss paid thereon, and plaintiff, upon proof of a loss, paid defendants the amount of the policy and took defendants' receipt also containing provisions for delivery to plaintiff of any recovered property or the amount of the loss paid thereon, *held* that if such latter provisions differed from the former they were invalid for want of consideration, notwithstanding such payment of loss was made within ninety days after proof of loss and a provision of the policy that no suit should be brought until after said ninety days, where the policy also provided that any loss should be payable immediately upon satisfactory proof of loss.

2. INSURANCE—*when insured is not obligated to deliver recovered stolen property to insurer.* Under a policy of burglary insurance and a receipt given by the insured to the insurer for the full amount of the policy, upon a loss thereunder, which receipt provided for delivery to the insurer of any recovered property or the amount of the loss paid thereon, *held* that the insured would not be obligated to deliver any recovered property so long as the loss still exceeded the amount of the policy.

3. INSURANCE—*when evidence does not show verbal agreement for prorating recovered stolen property or expenses.* Evidence *held* to show there was no verbal agreement between plaintiff and defendants that any recovered property and expenses in recovering same should be prorated between them, in an action by a burglary insurance company to recover from the insured a share of stolen property recovered by the latter subsequent to payment to them of the full amount of the policy for a loss which in fact exceeded the amount covered by the policy.